IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANET A. CLARK,

      Plaintiff,

vs.                                                                          Civ. No. 04-07 PK/RHS

STATE FARM INSURANCE COMPANIES
and STATE FARM FIRE & CASUALTY
COMPANY,

      Defendants.

### REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR REVIEW

**THIS MATTER** having come before the undersigned United States Magistrate Judge on referral from the Honorable Paul J. Kelly relative to the motion of Plaintiff Janet Clark, acting *pro se*, for review [docket no. 130] and now having considered all of the pleadings on file in the above captioned cause together with the instant motion and response in opposition thereto [docket no. 132] filed by Ms. Clark's counsel of record and having considered the arguments and authorities propounded and being otherwise fully advised in the premises, I respectfully make the following Report and Recommendation.

This cause of action originally came before the Court on a complaint for tortious breach of insurance contract wherein Plaintiff asserted damages from a fire loss on or about July 10, 2002 and a theft loss on or about July 19, 2002. The case came before the Judge Kelly for trial on the merits before a jury on July 5, 2005 at which time a jury was impaneled. On the second day of trial, the clerk's minutes state that at approximately 8:58 a.m. the parties appeared before Judge Kelly in his chambers and advised Judge Kelly that they had settled all claims and were ready for

-1-

the Court to release the jury. Judge Kelly then brought in the jurors and advised them of the settlement and thereafter discharged the jury having duly thanked them for their service. Court was in recess at 9:04 a.m. [docket no. 124]. On July 11, 2005, the parties filed a joint motion [docket no. 125] moving the Court to dismiss the complaint and causes of action with prejudice on the grounds that all matters in controversy had been fully settled and compromised. On July 12, 2005, Judge Kelly entered an order of dismissal dismissing the complaint and the causes of action filed by the Plaintiff against the Defendants with prejudice [docket no. 126].

Thereafter the Plaintiff refused to accomplish and complete the settlement between the parties by declining to sign the release agreement drafted by counsel for Defendants. The undersigned United States Magistrate Judge conducted a hearing on August 8, 2005 and inquired of Plaintiff and her counsel as to the circumstances surrounding Plaintiff's refusal to sign the release. The Court took a recess to allow Plaintiff and her counsel to confer outside of the courtroom and advise the Court as to whether or not they would proceed with the execution of the release. After consulting fully and completely, the Plaintiff and counsel returned to the courtroom and advised the Court that they had reached an agreement on the form of release and the same was thereafter executed in open court. At no time did Plaintiff individually or through counsel advise the Court that she had a disagreement with her attorneys relative to fees. The Court had no reason or cause to inquire of either party as to how they were paying their attorneys for legal services rendered.

On August 26, 2005, Plaintiff filed her *pro se* motion for review [docket no. 130] asking the Court to review the settlement agreement and the negotiated attorneys fees.[1] Although

---

[1] Plaintiff's motion was filed more than thirty (30) days after entry of the Court's order dismissing "the Complaint and the causes of action therein . . . with prejudice." (Order of

Plaintiff's motion requests "judicial review of the Settlement Agreement," Plaintiff apparently seeks judicial resolution of a dispute with her counsel over legal fees. The Court does not retain jurisdiction to resolve such a dispute. See Auxier v. Abitibi-Price Corp., 857 F.Supp. 59, 60 (D.Kan. 1994) (concluding that "[a]ncillary jurisdiction does not allow [a court] . . . to resolve [a] dispute over attorneys' fees . . . [where] the court does not have jurisdiction over any principal claim"); see also Hoxeng v. Topeka Broadcomm, Inc., 949 F.Supp. 807 (D.Kan. 1996). Here, Plaintiff's case has been dismissed and the Court did not retain jurisdiction over fee disputes when the order of dismissal was entered. Accordingly, no case or controversy properly remains before the Court related to the attorney fee issue. If Plaintiff has a dispute with her attorneys regarding legal fees, it must be brought outside the scope of this lawsuit.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Review [docket no. 130] be denied for reasons stated above.

Pursuant to 28 U.S.C. §636(b)(1), Ms. Clark, Mr. Lawless or any party herein may file written objections to this report and recommendation on or before October 12, 2005. If no written objections are timely filed, no appellate review will be allowed.

/s/ Robert Hayes Scott
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

Dismissal at 1 [docket no. 126].)

I hereby certify that a copy of the foregoing was served on the below parties by both United States mail, and by the U.S. Courts ACE electronic filing system:

Ms. Janet Clark
115 W. Cheyenne Road, #325
Colorado Springs, CO  80906

Stephen Lawless, Esq.
600 Central Ave., SW
#100
Albuquerque, NM  87102

Donald G. Bruckner, Jr., Esq.
P.O. Box 93880
Albuquerque, NM  87199-3880.


s/Carla Eyberg, Administrative to the Honorable Robert Hayes Scott